Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                    )
IN RE:                              )    CASE NO.         05-30169 (LMW)
                                    )
  PHILIP MATTHEW HART,              )    CHAPTER          7
                                    )
          DEBTOR.                   )    DOC. I.D. NOS.   95, 96
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES**

Philip M. Hart                      *Pro Se* Debtor/ Movant
P. O. Box 120314
Trolley Sq. Station
East Haven, CT 06512


Bonnie C. Mangan, Esq.              Chapter 7 Trustee
Law Office of Bonnie C. Mangan
1050 Sullivan Avenue
Suite A3
South Windsor, CT 06074


**BRIEF MEMORANDUM AND ORDER RE: DENIAL OF CONTINUANCE**

Lorraine Murphy Weil, United States Bankruptcy Judge


   **WHEREAS,** the above-captioned debtor (the "Debtor") commenced this chapter 7 case by

petition filed on January 14, 2005;[1]

---

   [1]    The Debtor is represented by counsel in this case but it is not clear whether that
representation applies to these specific proceedings.  (*See* Doc. I.D. No. 3 ("Statement Pursuant
to Rule 2016(b).)

**WHEREAS,** the schedules filed by the Debtor evidence the fact that the Debtor was insolvent as of the petition date (*see* Doc. I.D. No. 3);

**WHEREAS,** the Debtor received his chapter 7 discharge on October 12, 2005 (Doc. I.D. No. 34);

**WHEREAS,** on March 5, 2006, the chapter 7 trustee (the "Trustee") filed a motion to compromise claim (Doc. I.D. No. 56, the "Motion") with respect to a claim for attorneys fees (the Debtor is or was an attorney) allegedly due the estate;

**WHEREAS,** by order dated April 12, 2006, the Honorable Albert S. Dabrowski, Chief United States Bankruptcy Judge for this District, recused himself from proceedings in respect of the Motion.  (*See* Doc. I.D. No. 87.)  The Motion was assigned to the undersigned for adjudication;

**WHEREAS,** by order dated May 16, 2006, an evidentiary hearing (the "Hearing") on the Motion was scheduled for June 6, 2006. (*See* Doc. I.D. No. 89.)  The Hearing was continued to July 10, 2006.  (*See* Doc. I.D. No. 92.)  Notice of the continued Hearing was mailed to the Debtor (at the address he had provided to the Clerk's Office**)**[2] on June 3, 2006. (*See* Doc. I.D. No. 94);

**WHEREAS**, on July 5, 2006 (the court having been closed from July 1st through July 4th) the Debtor filed by mail a letter request (dated on its face June 29, 2006, Doc. I.D. No. 96, the "Request") for a further continuance of the Hearing advising the court that he would be unavailable for the entire summer;[3]

---

[2]    The Debtor had and has a duty to keep a current address on file with the Clerk's Office at all times.  *See Katz v. Araujo (In re Araujo)*, 292 B.R. 19 (Bankr. D. Conn. 2003).

[3]    The Request also advised the court of a "new mailing address."

**WHEREAS,** on July 1, 2006 (a Saturday), the Trustee electronically filed an objection to the Request stating that she had prepared for the continued Hearing and had contacted witnesses. (*See* Doc. I.D. No. 95, the "Objection");

**WHEREAS,** the court has determined that the Request should be denied and the Objection sustained for the following reasons:

- the Debtor had at least constructive notice of the continued Hearing since early June;

- the Debtor waited until the end of June / beginning of July to advise the Trustee and the court that he was unavailable for the entire summer;

- the Trustee has already done some preparation for the continued Hearing; and

- due to his insolvency, the Debtor has no standing with respect to the Motion. *See 60 East 80th Street Equities, Inc. v. Sapir (In re 60 East 80th Street Equities, Inc.)*, 218 F.3d 109 (2d Cir. 2000).

**NOW, THEREFORE,** for the reasons stated above, it is **ORDERED** that the Request is denied; and it is further

**ORDERED** that the Objection is sustained.

**Dated: July 6, 2006**                                    **BY THE COURT**

*Lorraine Murphy Weil*
Lorraine Murphy Weil
United States Bankruptcy Judge